IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRUSTEES OF THE IBEW LOCAL NO. 683
FRINGE BENEFIT FUNDS, INC., et al.,

      Plaintiffs,

  v.                                Civil Action 2:16-cv-934
                                        Chief Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Jolson

LUMBEE ELECTRICAL SERVICE, LLC,

      Defendant.

## REPORT AND RECOMMENDATION

This ERISA collections case is before the Court on Plaintiffs' Motion for Default Judgment, Assessment of Damages, and Attorney Fees. (Doc. 33). Plaintiffs' Motion is somewhat confusing. Plaintiffs request, *inter alia*, the "amount of $24,831.89 for fringe benefit contributions, $3,724.78 in liquidated damages and $2,250.80 in interest for a total amount of $30,807.47 for the period of May 1, 2016 to the present," but also request that the Court "[o]rder Defendant to make all of his books and records for the period of June 1, 2016, through the present available for inspection upon request of the Funds' auditor so that Plaintiffs may determine the amount of damages due [to] them." (*Id*. at 4). Thus, it appears that Plaintiffs may seek additional monetary damages beyond those requested based upon the results of their audit.

To the extent that Plaintiffs seek to conduct an audit as requested in the Complaint, the Motion is tantamount to one for preliminary injunctive relief. For good cause shown, it is **RECOMMENDED** that the Court **GRANT** Plaintiffs' request to the extent that it seeks to enforce the audit provision of the collective bargaining agreement.

However, it is further **RECOMMENDED** that the remainder of Plaintiffs' request be **DENIED**.  Because the full amount of monetary damages is not yet known, Plaintiffs' request for monetary damages is tantamount to a partial motion for summary judgment, which would have the practical effect of awarding relief while allowing the case to remain open.  However, that Motion, which also includes a request for attorney's fees, is not properly supported.  Specifically, Plaintiffs have not attached an affidavit or other evidence to establish that Defendant owes $30,807.47 for the period of May 1, 2016 to the present.  Further, Plaintiffs have not attached any itemized billing or other evidentiary support that the number of hours billed and the hourly rate charged are reasonable.

Based upon the foregoing, it is **RECOMMENDED** that the Court **GRANT** Plaintiffs' request to the extent that it seeks to enforce the audit provision of the collective bargaining agreement but that the remainder of Plaintiffs' request be **DENIED**.

IT IS SO ORDERED.


Date:  April 7, 2017                                    /s/ Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE